IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES THOMAS, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | NO. 10-1701 |
| Commissioner of the | : | |
| Social Security Administration, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM ON REQUEST FOR REVIEW**

**Baylson, J.**                                                                                                            September 22, 2011

Plaintiff James Thomas ("Thomas") requests judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-433, 1381-1383(c). (Compl., ECF No. 3.)  Pending before the Court are Thomas's Complaint and his Brief and Statement of Issues in Support of Request for Review (Pl.'s Br., ECF No. 10) and the Commissioner's response thereto (Resp., ECF No. 11).  After careful and independent consideration of the matter, and for the following reasons, the Court will **deny** Thomas's request for review.

**I.      Factual and Procedural Background**

Thomas filed for DIB and SSI on February 6, 2008.  (A.R. 136-38, 139-41.)  He claimed a disability onset date of April 2, 2006 (id. 136, 139), which he later amended to November 14,

2006 (id. 186). At that time, he was forty years old. (See id. 136.) He is now forty-five years old. Thomas has prior relevant work experience as a gym trainer, a gym salesman, and a construction worker II. (Id. 14.) He completed high school. (Id. 24.) Thomas claims disability due to torn cartilage and ligaments in his knee, lumbar and cervical spine conditions, and back arthritis. (Id. 10, 160.)

On May 27, 2008, the Social Security Administration ("SSA") denied Thomas's claims for DIB and SSI benefits. (Id. 82, 87.) Thomas then timely requested a hearing before an administrative law judge ("ALJ"), which was held on May 14, 2009 in Philadelphia, Pennsylvania. (Id. 16-79, 92-95.) At the hearing, Thomas testified that he experiences pain everyday. (Id. 64.) He has problems with his left knee and back which affect his ability to sit, stand, walk, and climb stairs. (Id.) Standing eases his pain, which gets worse when he sits down; but if he stands too long, his left leg will go numb. (Id. 64-65.) He also claimed he was in an accident in August 2008 which made his condition worse. (Id. 66.) Since the accident, he has experienced limited feeling in the fourth and fifth digits of each hand. (Id.) Although it exacerbated his pain, he testified his limitations are the same as before the accident. (Id. 68-69.)

Thomas stated that he cooks in the microwave, goes grocery shopping, dusts, takes out the trash, and does laundry. (Id. 53-58.) But he does not vacuum and needs help with the grocery bags. (Id. 53, 55.) Thomas also testified that he lives with a roommate who vacuums and does more cooking. (Id. 23, 55-56.) Although he occasionally walks to a nearby park and spends every other weekend with his daughter (id. 51-52), he walks with a non-prescribed cane, sleeps with a prescribed neck brace, is only able to walk one or two city blocks before needing to rest, and can sit or stand alternately for fifteen to twenty minutes at a time (id. 41-43). Further,

he can occasionally lift fifteen pounds, but only with his right (and dominant) hand.  (Id. 44.)

The vocational expert ("VE") testified twice during the hearing – first to identify Thomas's past relevant work and then again to respond to the ALJ's hypotheticals.  The VE identified Thomas's past relevant work as a construction worker II and as a salesperson and trainer in a gym setting.  (Id. 35.)  Salesperson is semi-skilled, light work, which Thomas performed at the medium exertional level; construction worker II is unskilled, very heavy work; and trainer is skilled, medium work.  (Id. at 35-36.)

The ALJ then posed several hypotheticals to the VE.  (See id. 69-76.)  If the ALJ fully credited Thomas's testimony regarding his limitations, the VE testified Thomas could not return to his past relevant work and could not perform any entry-level unskilled work.  (Id. 70-71.)  The ALJ then limited Thomas to the full range of light work by adopting the assessment of consultative examiner Dr. Candelaria Legaspi.  (See id. 262-65.)  The VE testified Thomas could not return to his past relevant work as he performed it, but he could as these jobs are performed in the national economy.  (Id. 71-72.)  He could also perform the full range of unskilled, light work which is available in the national economy.  (Id. 72-73.)  The ALJ then posed a hypothetical in which he adopted the assessment of consultative examiner Dr. Ira Rubenfeld, who suggested significant postural limitations.  (Id. 73-74, see id. 240-48.)  According to the VE, with such limitations, Thomas could not perform his past relevant work or any work in the national economy.  (Id. 74.)  If Thomas had to avoid heavy lifting and car rides, the VE testified Thomas could perform his past relevant work other than construction worker II.  (Id. 74-75.)

In the final hypothetical, the ALJ limited Thomas to unskilled, sedentary work.  (Id. 75.)  The VE testified that Thomas would not be able to perform his past relevant work, but could

perform jobs available in the national economy, including final assembler and table worker. (Id. 75-76.) With an additional sit/stand option restriction, the VE testified there would be ten percent fewer jobs available in the economy. (Id. 76.)

On June 2, 2009, the ALJ issued his decision denying Thomas's claims for benefits. (Id. 8-15.) The ALJ found Thomas had not performed any substantial gainful activity since the amended alleged onset date. (Id. 10.) He also concluded Thomas suffers from severe impairments resulting from lumbar and cervical spine conditions, but that these impairments do not meet or equal the listed impairments. (Id. 12.) The ALJ did not find Thomas's persistent left knee pain was sufficiently supported by objective medical evidence to constitute a severe impairment.[1] (Id. 10-11.) Although the ALJ did not find Thomas's statements concerning his impairments and their effects fully credible, he did find that Thomas is limited to the full range of sedentary work.[2] (Id. 12-13.) Presuming Thomas could not perform his past relevant work, the ALJ concluded that "[b]ased on a residual functional capacity for the full range of sedentary work, considering [Thomas]'s age, educational background, and work experience," there are jobs that exist in significant numbers in the national economy which Thomas can perform. (Id. 14.) Consequently, he has not been under a disability since the amended alleged onset date. (Id. 15.)

In his decision, the ALJ noted he gave "careful consideration [to] the entire record,"

---

[1]   Thomas does not contest this conclusion in his Request for Review.

[2]   "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).

including Thomas's hearing testimony, the opinions of several medical sources, and the medical records submitted with Thomas's claims. (Id. 10-13.) The ALJ found that Thomas's testimony regarding the intensity, persistence, and functionally limiting effects of his impairments was "not credible to the extent [it is] inconsistent with" the ALJ's residual functional capacity assessment. (Id. 13.)

On July 6, 2009, Thomas appealed the ALJ's decision to the Appeals Council. (Id. 187-88.) The Appeals Council denied Thomas's request for review, rendering the ALJ's decision the Commissioner's final determination. (Id. 1-3.) Thomas then filed a timely complaint in this Court seeking review of the Commissioner's final determination. (Compl.)

## II.   Jurisdiction and Standard of Review

### A.   Jurisdiction

This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). See 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner . . . made after a hearing to which he was a party . . . may obtain review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . ."); (see also A.R. 1-3). Venue is proper in this Court pursuant to § 405(g).

### B.   Standard of Review

District courts may affirm, modify, or reverse the decision of the Commissioner, with or without remanding the matter for rehearing. 42 U.S.C. § 405(g). This Court's role in reviewing the ALJ's decision is to determine whether there is substantial evidence to support the Commissioner's decision. Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004); see 42 U.S.C. § 405(g) ("The findings of the Commissioner . . . as to any fact, if supported by substantial

evidence, shall be conclusive . . . .").

Substantial evidence means such relevant evidence as a reasonable mind would accept as adequate to support a conclusion. Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005); see also Jones, 364 F.3d at 503 (stating that substantial evidence is less than a preponderance of the evidence but more than a scintilla). To determine whether substantial evidence exists, the Court reviews the record as a whole. Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999). Nevertheless, the Court retains plenary review of all legal issues. Id.

### III.   Discussion

#### A.   Legal Standards

Social security benefits may be paid to persons "under a disability." 42 U.S.C. § 423(a)(1). To establish a disability, a claimant "must demonstrate some medically determinable basis for an impairment that prevents him from engaging in any substantial gainful activity for a statutory twelve-month period." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 118 (3d Cir. 2000) (quotation marks omitted). "A person is disabled 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.'" Kinney v. Comm'r of Soc. Sec., 244 F. App'x 467, 469 (3d Cir. 2007) (quoting 42 U.S.C. § 423(d)(2)(A)).

When assessing whether an individual has a disability under the Act, the ALJ follows the following five-step sequential analysis: (1) if the claimant is currently engaged in substantial gainful employment, he will be found not disabled; (2) if the claimant does not suffer from a "severe impairment," he will be found not disabled; (3) if a severe impairment meets or equals a

listed impairment in 20 C.F.R. § 404, subpart P, appendix 1 and has lasted or is expected to last continually for at least twelve months, then the claimant will be found disabled; (4) if the severe impairment does not meet the previous prong, the Commissioner considers the claimant's residual functional capacity to determine whether he can perform any past relevant work – if he can, the claimant will be found not disabled; and (5) if the claimant cannot perform any of his past relevant work, the Commissioner will consider the claimant's residual functional capacity, age, education, and past work experience to determine whether he can perform other work which exists in the national economy.  Schaudeck, 181 F.3d at 431-32; 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

The claimant bears the burden of proof for steps one, two, and four and the burden shifts to the Commissioner for the fifth step – no party bears the burden for step three.  Rivera v. Comm'r of Soc. Sec., 164 F. App'x 260, 262 (3d Cir. 2006).  Furthermore, if at any step the Commissioner finds the claimant is disabled or not disabled, the inquiry is at an end.  Kinney, 244 F. App'x at 469 (citing 20 C.F.R. § 404.1520(a)(4)).  The ALJ denied Thomas's claim at the fifth step, concluding that Thomas is able to perform jobs that exist in the national economy. (A.R. 14-15.)

> In evaluating a claim for benefits, the ALJ must consider all of the evidence in the case.  The ALJ must "explicitly" weigh all relevant, probative, and available evidence.  Moreover, the ALJ must provide some explanation for a rejection of probative evidence that would suggest a contrary disposition.  Although the ALJ may properly accept some parts of the medical evidence and reject other parts, the ALJ must still consider all the evidence and give some reason for discounting the evidence he rejects.  In the absence of such an indication, the reviewing court cannot determine whether significant probative evidence was deemed not credible or whether it was simply ignored.

Weber v. Massanari, 156 F. Supp. 2d 475, 483 (E.D. Pa. 2001) (citations omitted).  Further,

when there is a conflict in the evidence, the ALJ is entitled to decide which evidence to credit, but "cannot reject evidence for no reason or the wrong reason." See Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir. 1993). "[T]he ALJ must indicate in his decision which evidence he has rejected and which he is relying on as the basis for his finding. This explanation provides [the Court] with a basis on which to assess whether significant probative evidence was not credited or was simply ignored." Schaudeck, 181 F.3d at 433 (citations, quotation marks, and alteration omitted).

### B.  Parties' Contentions

Thomas asserts two arguments in support of his position that substantial evidence does not support the ALJ's decision. First, he contends the ALJ did not afford adequate weight to the medical opinions of his treating physician and a consultative examiner. Second, he argues the ALJ improperly rejected his subjective complaints of pain which are supported by objective medical evidence.

In response, the Commissioner argues the ALJ properly rejected the treating physician's opinion that Thomas is "disabled" because that determination is reserved to the Commissioner and the opinion is not consistent with the record. Further, the ALJ rejected the opinion of Dr. Rubenfeld for multiple reasons, each of which was appropriate. Finally, the Commissioner contends that the ALJ's credibility determination is supported by substantial evidence and is entitled to deference.

### C.  Analysis

#### 1.  Treatment of Medical Opinions

In evaluating a disability claim, the ALJ must determine what weight to give the opinions

of treating, non-treating, and non-examining sources by considering several factors.[3]  Solter v. Comm'r of Soc. Sec. Admin., No. 09-2821, 2010 WL 3620213, at *7 (E.D. Pa. Aug. 6, 2010); see 20 C.F.R. §§ 404.1527(d), 416.927(d).  The opinions of treating physicians should be given great weight, but an ALJ may reject a treating physician's opinion outright on the basis of contradictory medical evidence.  Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999).  A treating physician's opinion is accorded controlling weight only if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record.  Smith v. Astrue, 359 F. App'x 313, 316 (3d Cir. 2009); 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

In determining the weight, if any, to accord the opinion of a non-controlling medical source, the ALJ considers: (1) the nature of the examining relationship; (2) the nature of the treating relationship; (3) the supportability of the opinion; (4) the consistency of the opinion with the record as a whole; and (5) the specialization of the source offering the opinion.  Irelan v. Barnhart, 82 F. App'x 66, 71 (3d Cir. 2003) (citing 20 C.F.R. §§ 404.1527, 416.927); Social Security Ruling ("SSR") 06-03p, 2006 WL 2329939, at *6 (Aug. 9, 2006).  When considering the non-controlling opinion of a treating source, the ALJ should also consider the length of the relationship and the frequency of examinations.  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

---

[3]  A non-treating source is a physician, psychologist, or other acceptable medical source who has examined the claimant but does not have, or did not have, an ongoing treatment relationship with the claimant.  20 C.F.R. §§ 404.1502, 416.902.  Opinions from non-treating sources do not carry as much weight as treating source opinions, but are generally entitled to more weight than non-examining sources.  See Solter, 2010 WL 3620213, at *7.  A non-examining source is a physician, psychologist, or other acceptable medical source who has not examined the claimant but provides a medical or other opinion.  20 C.F.R. §§ 404.1502, 416.902.

The ALJ may not reject a physician's findings unless she first weighs the findings against other relevant evidence and explains why certain evidence has been accepted and other evidence rejected. Mason, 994 F.2d at 1067. This Court considers whether substantial evidence supports the ALJ's treatment of the opinions of Drs. Ruth, Rubenfeld, and Legaspi. See Plummer, 186 F.3d at 431.

      a.      **Dr. Ruth's Opinion**

The ALJ rejected the opinion of Dr. Corey Ruth, Thomas's treating physician, that Thomas is "disabled." (A.R. 13.) Dr. Ruth stated this conclusion on only two of several reports, and on both occasions failed to give any supporting reasons. (Exhibit 7 F). The ALJ did not outright reject all of Dr. Ruth's opinions. In fact, the ALJ relied on portions of Dr. Ruth's opinions to conclude Thomas suffers from severe impairments related to lumbar and cervical spine conditions. (See id. 11-12.) But whether a claimant is "disabled" as defined by the Act is a decision which is reserved to the Commissioner. See Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 203 n.2 (3d Cir. 2008); 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1). Although the Commissioner considers opinions from treating sources on this issue, final responsibility for the decision is reserved to the Commissioner. Malloy v. Comm'r of Soc. Sec., 306 F. App'x 761, 763 (3d Cir. 2009) (citing 20 C.F.R. §§ 404.1527(e)(1)-(3), 416.927(e)(1)-(3)).

Further, the Court concludes substantial evidence supports the ALJ's decision not to afford Dr. Ruth's conclusory "disabled" opinion controlling or much weight in the disability determination. (See A.R. 223-24, 230.) A treating source's opinion is entitled to controlling weight if it is consistent with the record. Smith, 359 F. App'x at 316; 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). But in this case, Dr. Ruth offered only conclusory assertions that

Thomas is "disabled" and his conclusion is not supported and is not consistent with medical evidence in the record. For instance, Dr. Ruth generally prescribed home exercises and non-narcotic pain killers, recommended physical therapy, and administered injections to relieve Thomas's back pain. (See id. 223-34, 269-85.) Notably, Dr. Ruth did not recommend surgery. (See id.) In addition, rehabilitation examinations after Thomas's August 2008 accident indicate only moderate tenderness in his back, decreased range of motion, and a normal gait. (Id. 301, 305, 308, 312.) Another physician observed Thomas ambulated with a steady gait. (Id. 202.) As discussed in more detail below, the ALJ's treatment of the opinions of the consultative examiners does not change this analysis.

Dr. Ruth did not offer support for these conclusions and the opinion is inconsistent with the record as a whole. See Hur v. Barnhart, 94 F. App'x 130, 133-34 (3d Cir. 2000) (concluding ALJ can discount treating physician's assessment that claimant was "not able to work" because conclusory opinions lacking medical support are not controlling). Further, the ALJ properly rejected the opinion as reserved for the Commissioner. See Johnson, 529 F.3d at 203 n.2.

### b. Dr. Rubenfeld's and Dr. Legaspi's Opinions

The ALJ rejected Dr. Rubenfeld's opinion, which precludes Thomas from performing even sedentary work, because Dr. Rubenfeld is not a neurologist, an orthopedist, or a physiatrist. (A.R. 13; see also id. 240-48.) Further, the ALJ found Dr. Rubenfeld's findings incongruent with his examination. (Id. 13.) As for Dr. Legaspi's opinion that Thomas can perform light work, the ALJ found the assessment "overly optimistic." (Id.; see also id. 262-68.)

Thomas criticizes only the treatment of Dr. Rubenfeld's opinion, contending the ALJ relied on Dr. Legaspi's opinion even though it suffers from the same flaw used to discredit Dr.

Rubenfeld's opinion – neither is a neurologist, an orthopedist, or a physiatrist.

There is no indication in the ALJ's decision that he accepted Dr. Legaspi's opinion. Rather, the ALJ cites Dr. Legaspi's opinion only once throughout his entire decision and only for the purpose of finding it "overly optimistic." (Id. 13.) The Court is satisfied the ALJ rejected Dr. Legaspi's non-examining opinion in toto. Thomas raises no other issue with the ALJ's treatment of Dr. Legaspi's opinion.

Because the ALJ rejected Dr. Legaspi's opinion in toto, there is no inherent conflict in the ALJ's decision to reject Dr. Rubenfeld's opinion because he is not a particular specialist. Indeed, an ALJ should consider a medical source's specialty in determining the appropriate weight to give an opinion. See Irelan, 82 F. App'x at 71. Moreover, there is also substantial evidence to support the ALJ's conclusion that Dr. Rubenfeld's opinion is not internally consistent. See id. For instance Dr. Rubenfeld opined that Thomas could never perform any postural activities (A.R. 248); however, his examination notes reveal that Thomas retains significant range of motion for many of these activities (see id. 245-46). According to Dr. Rubenfeld's notes, Thomas is only completely precluded from bending forward, tilting his head back, and leaning to the left. (See id. 246.) Otherwise, Thomas retains partial, if not full, range of motion.

Dr. Rubenfeld further opined that Thomas can stand and walk one hour or less in an eight-hour workday and can sit approximately five hours in an eight-hour work day. (Id. 247.) This finding, however, is belied by Thomas's own testimony that he must alternate sitting and standing throughout the day and nothing else in the record suggests such extreme limitations.[4]

---

[4] Notably, the ALJ modified his hypothetical to the VE to accommodate Thomas's need to alternately sit and stand. (A.R. 76.) According to the VE, there would still be jobs in the national economy for the full range of sedentary work with a sit/stand option. (Id.) The ALJ,

(Id. 28.) In light of the foregoing, the Court concludes substantial evidence supports the ALJ's treatment of the opinion of Dr. Rubenfeld.

### 2. Subjective Complaints

ALJs are required to consider subjective complaints of pain or other symptoms, but these statements alone cannot establish a disability. 20 C.F.R. §§ 404.1529(a), 416.929(a); see id. § 404.1528(a) ("Symptoms are your own description of your physical or mental impairment. Your statements alone are not enough to establish that there is a physical or mental impairment."). An ALJ must give great weight to subjective complaints if they are supported by competent medical evidence. Schaudeck, 181 F.3d at 433.

> Although the ALJ can reject such claims if he does not find them credible . . . the adjudicator is not free to accept or reject that individual's complaints solely on the basis of . . . personal observations. Rather, in all cases in which pain or other symptoms are alleged, the determination or decision rationale must contain a thorough discussion and analysis of the objective medical evidence and the other evidence, including the individual's complaints of pain or other symptoms and the adjudicator's personal observations. The rationale must include a resolution of any inconsistencies in the evidence as a whole and set forth a logical explanation of the individual's ability to work.

Id.; see also 20 C.F.R. § 404.1529(a) ("[W]e consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence."). If the claims are not supported by objective medical evidence, then the ALJ must consider other sources of evidence, including the claimant's own statements. SSR 96-7p, 1996 WL 374186, at *4 (July 2, 1996). The regulations also list factors relevant to the analysis, including the claimant's daily activities, types of medication, treatment

---

however, did not include a sit/stand option in his final residual functional capacity assessment, and Thomas does not raise this issue in his request for review. (See id. 12-13.)

or other medications, and other measures used to relieve pain. See 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

When the ALJ considers subjective statements, the ALJ must make a credibility finding, and the "decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186, at *4. "Deference must be given to the ALJ's determination [o]n issues of credibility when reviewing the Commissioner's final decision, so long as the ALJ discusses the issue and his finding is supported by substantial evidence." Weber, 156 F. Supp. 2d at 486; see Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003) (noting courts should ordinarily defer to an ALJ's credibility determination because he has the opportunity at a hearing to observe a witness's demeanor).

In this case, the ALJ credited Thomas's testimony to the extent it is consistent with the residual functional capacity finding of a full range of sedentary work. (A.R. 13.) The ALJ noted the objective medical evidence does not fully support Thomas's claims of debilitating pain and relied on Thomas's daily activities, lack of certain courses of treatment, and the types of medication prescribed. (Id.) Thomas contends his subjective complaints are supported by medical evidence and should not have been rejected; the ALJ improperly substituted his opinion for those of his physician regarding the appropriate course of treatment; and contrary to the ALJ's assertion, he received a prescription for Percocet.

After a thorough review of the record, the Court concludes substantial evidence supports the ALJ's credibility determination. The ALJ carefully discussed the medical evidence in the

record and considered Thomas's complaints at the hearing. (Id. 10-13.) Although an ALJ may not substitute his own lay opinion for that of a treating physician, Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000), the regulations call for the ALJ to consider a claimant's treatment, including lack of treatment for allegedly disabling conditions, see Whack v. Astrue, No. 06-4917, 2008 WL 509210, at *7 (E.D. Pa. Feb. 26, 2008).

In this case, the ALJ noted that despite allegations of disabling back pain, Thomas was not prescribed a back brace, a car or tub chair, a special bed board or mattress, a TENS unit, or an ambulatory assistive device, and no physician has recommended surgery. (A.R. 13.) The ALJ did not substitute his opinion for the proper course of treatment and did not suggest surgery is more appropriate than injections, but observed that no physician has recommended a course of treatment that corroborates the debilitating pain Thomas alleges. See 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). Moreover, the ALJ does not fault Thomas for failing to seek treatment, which is not permissible. See Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 548 (3d Cir. 2003). Instead, the ALJ focuses on the fact these courses of treatment were not even prescribed or suggested by a physician.

As for Thomas's claim that the ALJ's assertion that he "has not been prescribed medications indicated for treatment of severe pain" is inaccurate, he received a prescription for Percocet on three occasions – in the emergency room after the August 2008 accident, in rehabilitation after the August 2008 accident, and when he visited the emergency room for pain in June 2007. (A.R. 196, 290, 302; see id. 13.) His treating physician, Dr. Ruth, never prescribed Percocet; he prescribed only Tylenol, Ibuprofen, Motrin, or Ultram. (See id. 223-34, 269-85.) Prescriptions for Percocet on limited occasions from other sources do not undermine

the ALJ's analysis with regard to the course of treatment by a physician more familiar with Thomas's impairments. Regardless, any error on this issue is harmless because this finding was not determinative and the ALJ's additional findings are adequate to support the decision absent the erroneous statement. See Wright v. Comm'r of Soc. Sec., 386 F. App'x 105, 108 (3d Cir. 2010); Day v. Astrue, No. 09-6045, 2010 WL 4780771, at *5 (E.D. Pa. Nov. 22, 2010).

Further, none of the reliable medical evidence in the record suggests Thomas suffers from disabling pain that would prevent him from performing the full range of sedentary work. The record supports his complaints that he suffers from pain stemming from his back problems and that he experiences limited functionality because of that pain, but substantial evidence supports the ALJ's determination that his complaints are credible only to the extent they are consistent with the full range of sedentary work. For instance, MRIs and other tests reveal the herniated discs and stenosis that contribute to his lower back pain, which confirm the existence of his impairments. (A.R. 215-16, 221-22, 319-20.) In addition, Dr. Ruth's treatment regimen is relatively conservative and he expressly rules out surgery on more than one occasion. (E.g., id. 223-34, 269-85.) Other medical evidence suggests decreased range of motion, moderate tenderness, and normal or steady gait. (E.g., id. 202, 245-46, 301, 312.) Accordingly, the Court concludes substantial evidence supports the ALJ's credibility determination and treatment of Thomas's subjective complaints.

### IV. Conclusion

For the foregoing reasons, Thomas's request for review will be **denied**. An appropriate Order will follow.

O:\CIVIL 09-10\10-1701 Thomas v Astrue\Thomas Memorandum Mot Review.wpd